UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Felix Lagoa,

                Petitioner,                  **MEMORANDUM & ORDER**
                                                                          20-CV-06069 (DG)

     v.

William Keyser,

                Respondent.
----------------------------------------------------------X

DIANE GUJARATI, United States District Judge:

On November 24, 2020,[1] *pro se* Petitioner Felix Lagoa, incarcerated at Sullivan Correctional Facility in Fallsburg, New York, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, Kings County for attempted murder in the second degree and robbery in the first degree. Petition ("Pet."), ECF No. 1. The Petition contains at least three claims: (1) Petitioner received ineffective assistance of counsel, (2) there was insufficient evidence to support Petitioner's conviction and/or he is actually innocent,[2] and (3) Petitioner's sentence is excessive. *See id.* at 7-10. In a cover letter accompanying his Petition, Petitioner noted that he "filed a 440 motion . . . in Kings County August 2020;" that he filed the Petition in this Court "to make this court

---

[1] Although the filing date reflected on the docket is December 14, 2020, under the "prison mailbox rule," *see Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001), the earlier date is the operative date.

[2] It is not entirely clear from the Petition whether Petitioner is asserting an insufficiency of the evidence claim, an actual innocence claim, or both types of claims. *See, e.g.*, Pet. at 5 ("From the outset, petitioner claimed actual innocence . . . ."); *id.* at 7 ("Petitioner made trial counsel fully aware that he did not commit the crime for which he was charged . . . ."); *id.* at 8-9 ("Insufficient Evidence for the attempted Murder Count."). The lack of clarity, however, does not affect the Court's decision herein.

1

fully aware of the status of [Petitioner's] due diligence;" that "[t]he issues spelled out in th[e] petition are the issues that have been raised, and currently being -----;" that he would "contact this court as to the status to reconvene these proceedings" at the "conclusion of the [440 motion] proceedings;" and that he is "preparing an [a]mended petition spelling out the grounds indicated on the enclosed petition." ECF No. 1-2 at 1.

On January 22, 2021, Respondent filed the instant Motion to Dismiss. ECF No. 4. In substance, Respondent argues that the Petition should be dismissed because Petitioner's ineffective assistance of counsel and actual innocence claims are unexhausted and currently being addressed in New York Criminal Procedure Law Section 440.10 proceedings (the "440 proceedings") that Petitioner initiated on November 13, 2020.[3] *See id.* at 1-3. Respondent's Motion was served on Petitioner on January 22, 2021 via first-class mail. *Id.* at 4. This Court's December 15, 2020 Order to Show Cause afforded Petitioner 21 days to file a reply, if any, to Respondent's Motion. No reply was filed.[4]

For the reasons set forth below, the Court concludes that the Petition contains both exhausted and unexhausted claims, that Petitioner has not shown "good cause" for a stay, and that Petitioner will have sufficient time to refile his Petition after his claims are exhausted. The Court therefore dismisses the Petition without prejudice to refile after Petitioner's claims are exhausted in the state proceedings.

---

[3] As set forth more fully below, Respondent takes the position that Petitioner's 440 motion – which Petitioner indicates was initially filed in August 2020, *see* ECF No. 1-2 – was not properly filed until November 13, 2020. *See* ECF No. 4 at 2-3 & n.3.

[4] On February 26, 2021, Respondent filed a letter updating the Court on Plaintiff's 440 proceedings, indicating that briefing is underway and that the next court date is scheduled for April 5, 2021. ECF No. 5.

2

## DISCUSSION

### A. Applicable Statutory Provisions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, in relevant part provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Title 28, United States Code, Section 2254(b)(1) in relevant part provides: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." "A petitioner exhausts his state court remedies by 'giv[ing] the state courts a fair opportunity to pass upon his federal claim.'" *Alke v. Artus*, No. 12-CV-5977, 2013 WL 4700828, at *1 (E.D.N.Y. Sept. 1, 2013) (quoting *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc)).

3

### B. The Petition Contains Exhausted and Unexhausted Claims

In the cover letter accompanying the Petition, Petitioner acknowledges that the Petition contains unexhausted claims. *See* ECF No. 1-2. The cover letter suggests that Petitioner believes that all of his claims are unexhausted in light of the pending 440 proceedings. *See id.* ("The issues spelled out in th[e] petition are the issues that have been raised, and currently being -----."). However, it appears that Petitioner's excessive sentence claim has in fact been exhausted. *See People v. Lagoa*, 179 A.D.3d 717, 719 ("The sentence imposed was not excessive."), *leave to appeal denied,* 35 N.Y.3d 942 (2020); N.Y. Crim. Proc. Law § 440.10(2)(a) ("[T]he court must deny a motion to vacate a judgment when . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment."). Conversely, it appears that Petitioner's ineffective assistance of counsel claim remains unexhausted. *See Lagoa*, 179 A.D.3d at 719 ("[A] CPL 440.10 proceeding is the appropriate forum for reviewing the [ineffective assistance] claim in its entirety."); *see also* ECF No. 4 at 1 (noting that "Petitioner made . . . a [440.10] motion on November 13, 2020, in which he raised" his ineffective assistance claim). Additionally, Respondent represents that Petitioner's actual innocence claim – to the extent that is what Petitioner asserts here, *see supra* note 2 – is unexhausted as well. ECF No. 4 at 1; *but see Lagoa*, 179 A.D.3d at 717 ("The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review."). Regardless of whether the actual innocence claim is in fact asserted and exhausted, however, the Petition is mixed in light of the exhausted excessive sentence claim and the unexhausted ineffective assistance of counsel claim.

4

### C. The Mixed Petition is Dismissed

"When a petitioner files a 'mixed petition'—that is, one containing both exhausted and unexhausted claims—a district court has discretion to proceed in any of four ways." *Grist v. Griffin*, No. 13-CV-5806, 2014 WL 347465, at *2 (E.D.N.Y. Jan. 30, 2014). First, where "a dismissal would not jeopardize the petitioner's ability to satisfy the Antiterrorism and Effective Death Penalty Act's . . . one-year limitations period," the Court may "dismiss the entire petition without prejudice so that the petitioner may exhaust his unexhausted claims." *Id.* Second, "if (1) the petitioner has shown good cause for failing to exhaust and (2) the unexhausted claims are not plainly meritless," the Court may "stay the petition to allow the petitioner to return to state court and exhaust his claims." *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Third, "if the 'petitioner expressly and unequivocally acknowledged to the district court that he was abandoning his unexhausted claims' and those claims are not intertwined with his exhausted claims," the Court may "allow the petitioner to delete the unexhausted claims and proceed with only his exhausted claims." *Grist*, 2014 WL 347465 at *2 (quoting *Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir. 1988)). Fourth, a court may "deny a mixed petition on the merits if it determines that the unexhausted claims are meritless." *Id.*; *see also* 28 U.S.C. § 2254(b)(2).

Construing Petitioner's cover letter to his Petition liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (quotation marks omitted)), Petitioner appears to be seeking a stay during the pendency of his state 440 proceedings. *See* ECF No. 1-2 (indicating that Petitioner will contact the Court to "reconvene these proceedings" after conclusion of state 440 proceedings). As a preliminary matter, then, Petitioner must

5

demonstrate "good cause" for failing to exhaust his claims. *See Grist*, 2014 WL 347465, at *2. Although the United States Supreme Court has not defined "good cause," "lower courts have determined that it requires a showing of either (1) some factor external to the petitioner [that] gave rise to the default or (2) reasonable confusion, which is more forgiving and incorporates the petitioner's subjective reasons for the delay in seeking state relief." *Jeffrey v. Capra*, No. 20-CV-232, 2020 WL 4719629, at *2 (E.D.N.Y. Aug. 12, 2020) (alteration in original) (quoting *Martinez v. Mariuscello*, No. 16-CV-7933, 2017 WL 2735576, at *2 (S.D.N.Y. June 23, 2017)); *see also, e.g.*, *Young v. Great Meadow Corr. Facility Superintendent*, No. 16-CV-1420, 2017 WL 480608, at *5 (S.D.N.Y. Jan. 10, 2017) (collecting cases).

Respondent contends that Petitioner has not demonstrated "good cause" under either prong and that the Petition should be dismissed as a result. ECF No. 4 at 2. The Court agrees. Petitioner has not shown either reasonable confusion or that an external factor gave rise to his failure to exhaust. Indeed, Petitioner is currently pursuing his state court remedies. *See* ECF No. 1-2.

Moreover, Petitioner will have ample time – over seven months – to refile his claims here after his state court proceedings conclude. Under AEDPA, "[a] state prisoner must generally file a federal habeas petition within one year of the date that his state judgment becomes final." *Jeffrey*, 2020 WL 4719629, at *3 (citing 28 U.S.C. § 2244(d)(1)). Because Petitioner "did not petition for a writ of certiorari, his conviction became final 90 days after the New York Court of Appeals denied his application for leave to appeal." *Cruz v. McGinnis*, No. 11-CV-3442, 2011 WL 5848579, at *4 (E.D.N.Y. Nov. 22, 2011) (citing *Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005)); *see* ECF No. 1 at 3. Petitioner's application for leave to appeal was denied on March 30, 2020. *See People v. Lagoa*, 35 N.Y.3d 942 (2020). Ninety days after March 30, 2020

was June 28, 2020.  Because June 28, 2020 was a Sunday, however, Petitioner's conviction did not become final until the next day, June 29, 2020.  *See, e.g.*, *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 130 (E.D.N.Y. 2017); *Oliver v. Kirkpatrick*, No. 06-CV-6050, 2012 WL 3113146, at *6 (E.D.N.Y. July 31, 2012).  At that point, AEDPA's one-year statute of limitations began to run.

However, "a properly filed 440.10 motion tolls AEDPA's limitations period."  *Waters v. Connolly*, No. 12-CV-4205, 2013 WL 3821634, at *3 (E.D.N.Y. July 21, 2013); *see also Alke*, 2013 WL 4700828, at *2 ("[A] pending *coram nobis* motion in state court pursuant to N.Y. Crim. Proc. Law § 440.10 tolls AEDPA's statute of limitations period."); *Pratt v. Greiner*, 306 F.3d 1190, 1191 (2d Cir. 2002) (holding that a 440.10 motion properly filed under 28 U.S.C. § 2244(d)(2) "toll[s] the one-year statute of limitations under" AEDPA).  Further, a properly filed 440.10 motion will remain "'pending' for purposes of AEDPA at least from the time it is filed through the time in which the petitioner could file an application for a certificate for leave to appeal the . . . denial of the motion."  *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (citing *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd on other grounds*, *Artuz v. Bennett*, 531 U.S. 4 (2000)); *see also* 28 U.S.C. § 2244(d)(2).  Importantly, "filing a *federal* habeas petition does not toll the limitations period for purposes of bringing additional federal habeas claims."  *Jeffrey*, 2020 WL 4719629, at *3.  Only a "properly filed application for *State* post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the limitations period.  28 U.S.C. § 2244(d)(2) (emphasis added).

"A properly filed application must comply with 'the applicable laws and rules governing filings,' including those addressing 'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'"  *Santana v. Griffin*,

No. 17-CV-3827, 2018 WL 1229860, at *5 (S.D.N.Y. Mar. 7, 2018) (quoting *Artuz*, 531 U.S. at 8). Here, nothing in the record indicates that Petitioner's 440 motion, filed on November 13, 2020, was not properly filed. Although the record reflects that Petitioner might not have properly filed his 440 motion in the first instance in August 2020, *see* ECF No. 1-2 (Petitioner noting, "I filed a 440 motion to the state court in Kings County August 2020, and just received . . . the direction that I must refile it due to an issue that there wasn't an Affidavit of Service. . . ."); ECF No. 4 at 3 n.3 (Respondent noting that Petitioner's initial filing "appears to have been procedurally deficient"), Respondent concedes that at least as of November 13, 2020, Petitioner had properly filed a 440 motion, *see* ECF No. 4 at 3 n.3 (referring to November 13, 2020 as "the date on which [P]etitioner properly filed his motion to vacate judgment").

Assuming Respondent is correct that Petitioner's 440 motion was properly filed not in August but on November 13, 2020 – *i.e.*, 137 days after his conviction became final for AEDPA purposes on June 29, 2020 – Petitioner has 228 days remaining under AEDPA's statute of limitations.[5] That over-seven-month period is far more than the "sixty-day period courts in this Circuit consider sufficient to warrant dismissal without prejudice." *Grist*, 2014 WL 347465, at *3 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381-82 (2d Cir. 2001)); *see also, e.g.*, *King v. Greiner*, No. 02-CV-5810, 2002 WL 31453976, at *2 (S.D.N.Y. Nov. 5, 2002) (112 days sufficient),

---

[5] Although the Court need not determine here whether Petitioner's motion was properly filed in August 2020, Petitioner should take note of the fact that Respondent contends that the August filing was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *See* ECF No. 4 at 3 n.3; *see also, e.g.*, N.Y. Crim. Proc. Law § 440.30(1)(a) ("A motion to vacate a judgment pursuant to section 440.10 of this article . . . must be made in writing and *upon reasonable notice to the people*." (emphasis added)); *Austin v. Brown*, No. 07-CV-0960, 2008 WL 4790783, at *1 n.1, 3 (E.D.N.Y. Oct. 29, 2008) (finding AEDPA limitations period was not tolled where the Appellate Division rejected a writ of error *coram nobis* for failure to, *inter alia*, "(1) include proof of service of papers upon opposing parties; (2) to make the motion returnable to the proper Courthouse address; and (3) to include a return date").

8

*report and recommendation adopted,* 2003 WL 57307 (S.D.N.Y. Jan. 7, 2003); *Alke*, 2013 WL 4700828, at *2 (three months sufficient); *Edwards v. Choinski*, No. 05-CV-444, 2005 WL 3334442, at *5 (D. Conn. Dec. 5, 2005) (three months sufficient). Dismissing, rather than staying, this action "[will] not jeopardize the petitioner's ability to satisfy the Antiterrorism and Effective Death Penalty Act's . . . one-year limitations period." *Grist*, 2014 WL 347465, at *2.

Accordingly, the Petition is dismissed without prejudice.[6]

## CONCLUSION

Respondent's Motion to Dismiss, ECF No. 4, is GRANTED. Petitioner's "mixed" petition is dismissed without prejudice to refile once Petitioner's claims have been exhausted. Although, as noted above, dismissal will not jeopardize the timeliness of a subsequent Section 2254 petition, the Court cautions Petitioner that, in light of AEDPA's statute of limitations, he should refile his Petition *without delay* once his exhaustion proceedings are complete.

The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: April 5, 2021
Brooklyn, New York

---

[6] In the absence of merits briefing and in light of Petitioner's stated intent to pursue his unexhausted claims and amend his Petition in the future, *see* ECF No. 1-2, the Court declines to delete the unexhausted claim(s) or to address their merits, *see Grist*, 2014 WL 347465, at *2.

9